# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| MARIE LOUISE and STEPHEN H. MORIARTY as Conservators of EILISE MORIARTY, | * * * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * | * |

No. 03-2876V

Special Master Christian J. Moran

Filed: August 9, 2018

Damages; decision based on proffer; MMR vaccine; autoimmune epileptic encephalopathy.

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner;
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On December 31, 2003, the Moriartys filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the measles-mumps-rubella (MMR) vaccination their daughter, Eilise, received on January 1, 2001, caused her to suffer epileptic encephalopathy. On February 10, 2017, Judge Wheeler of the Court of Federal Claims ruled that the Moriartys were entitled to compensation under the Vaccine Act. Judge Wheeler remanded the case to the undersigned to determine damages. 130 Fed. Cl. 573.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Calculating damages for this case presented a number of atypical challenges due to the complexity and age of the case. However, the parties and counsel dutifully worked towards a Proffer on Award of Compensation, which was filed on August 6, 2018. Based upon the record as a whole, the undersigned finds the Proffer reasonable and that the petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, attached as Appendix B, the court awards petitioner:

1. **A lump sum payment of $1,367,111.31, representing compensation for lost earnings ($1,032,153.27), pain and suffering ($250,000.00), and life care expenses for Year One ($84,958.04), in the form of a check payable to petitioners as court-appointed guardian(s)/ conservator(s) of Eilise Moriarty, for the benefit of Eilise Moriarty. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Eilise Moriarty's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty upon submission of written documentation of such appointment to the Secretary; and**

2. **A lump sum payment of $200,000.00, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.**

3. **An amount sufficient to purchase the annuity contract, subject to the conditions described in the attached Proffer (Appendix B), that will provide payments for the life care items contained in the life care plan, as illustrated by the chart (Appendix A), paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of Eilise Moriarty, only so long as Eilise Moriarty is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart in Appendix**

**A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.**

These amounts reflect all elements of compensation to which petitioner would be entitled under 42 U.S.C. §300aa-15(a).  The Clerk's Office is instructed:

(1) To enter judgment in case 03-2876V according to this decision and the attached Proffer;

(2) To provide this decision to the presiding judge pursuant to Vaccine Rule 28.1(a).

Any questions may be directed to my law clerk, Matthew Ginther, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024-2027 | 2028 |
| Care First MOP | 5% | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | | | | |
| Medicare Part B Premium | 5% | | M | | | | | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medicare Advantage | 5% | | M | | | | | 360.00 | 360.00 | 360.00 | 360.00 |
| Medicare Supp | 5% | | M | | | | | | | | |
| Rx | 5% | | | | | | | 100.00 | 100.00 | 100.00 | 100.00 |
| PCP | 5% | * | | | | | | 80.00 | 80.00 | 80.00 | 80.00 |
| Mileage: PCP | 4% | | | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 | | | |
| Vision Therapy | 5% | | | 3,360.00 | | | | | | | |
| Mileage: Vision Therapy | 4% | | | 86.40 | | | | | | | |
| Vison Therapy Eval | 5% | | | 420.00 | | | | | | | |
| Neuropsych Testing | 4% | | | 2,850.00 | | | | | | | |
| Mileage: Neuropsych Testing | 4% | | | 14.40 | | | | | | | |
| Counseling | 4% | * | | | | | | 540.00 | 540.00 | | 540.00 |
| Mileage: Counseling | 4% | | | 43.20 | 43.20 | 43.20 | 43.20 | 24.92 | | | |
| Care Mngt | 4% | | M | 3,000.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| OT Eval | 4% | | | 190.00 | 190.00 | | | | | | |
| OT | 4% | * | | 2,160.00 | 2,160.00 | | | | | | |
| Mileage: OT | 4% | | | 158.76 | 158.76 | | | | | | |
| ST | 4% | * | | 10,830.00 | 1,710.00 | | | | | | |
| Mileage: ST | 4% | | | 466.56 | 155.52 | | | | | | |
| Voc Rehab & Supp Employ | 4% | | M | | | 15,978.69 | 2,427.48 | 2,427.48 | 2,427.48 | 2,427.48 | 2,427.48 |
| Voc Rehab & Supp Employ | 4% | | | | | | | | 2,022.90 | 674.20 | 674.20 |
| Attendant Care/Residential Care | 4% | | M | 59,860.00 | 59,860.00 | 54,325.00 | 54,325.00 | 54,325.00 | 92,564.00 | 92,564.00 | 92,564.00 |
| Lost Earnings | | | | 1,032,153.27 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 200,000.00 | | | | | | | |
| Annual Totals | | | | 1,567,111.31 | 67,296.20 | 73,365.61 | 59,814.40 | 60,984.12 | 101,202.38 | 99,313.68 | 99,853.68 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court appointed guardian(s)
of the estate of Eilise Moriarty for the benefit of Eilise Moriarty, for Yr 1 life care expenses ($84,958.04), lost earnings ($1,032,153.27),
and pain and suffering ($250,000.00): $1,367,111.31.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners for past unreimbursable
expenses: $200,000.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A: Items of Compensation for Eilise Moriarty**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 12-41 2029-2058 | Compensation Years 42-43 2059-2060 | Compensation Years 44-Life 2061-Life |
|---|---|---|---|---|---|---|
| Care First MOP | 5% | | | | | |
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | |
| Medicare Part B Deductible | 5% | | | | | 183.00 |
| Medicare Advantage | 5% | | M | 360.00 | 360.00 | |
| Medicare Supp | 5% | | M | | | 1,080.00 |
| Rx | 5% | | | 100.00 | 100.00 | 200.00 |
| PCP | 5% | * | | 80.00 | 80.00 | |
| Mileage: PCP | 4% | | | | | |
| Vision Therapy | 5% | | | | | |
| Mileage: Vision Therapy | 4% | | | | | |
| Vison Therapy Eval | 5% | | | | | |
| Neuropsych Testing | 4% | | | | | |
| Mileage: Neuropsych Testing | 4% | | | | | |
| Counseling | 4% | * | | 108.00 | | |
| Mileage: Counseling | 4% | | | | | |
| Care Mngt | 4% | | M | 1,500.00 | 1,500.00 | 1,500.00 |
| OT Eval | 4% | | | | | |
| OT | 4% | * | | | | |
| Mileage: OT | 4% | | | | | |
| ST | 4% | * | | | | |
| Mileage: ST | 4% | | | | | |
| Voc Rehab & Supp Employ | 4% | | M | 2,427.48 | 2,427.48 | 2,427.48 |
| Voc Rehab & Supp Employ | 4% | | | 674.20 | 674.20 | 674.20 |
| Attendant Care/Residential Care | 4% | | M | 92,564.00 | 92,564.00 | 92,564.00 |
| Lost Earnings | | | | | | |
| Pain and Suffering | | | | | | |
| Past Unreimbursable Expenses | | | | | | |
| Annual Totals | | | | 99,421.68 | 99,313.68 | 98,628.68 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court appointed guardian(s)
of the estate of Eilise Moriarty for the benefit of Eilise Moriarty, for Yr 1 life care expenses ($84,958.04), lost earnings ($1,032,153.27),
and pain and suffering ($250,000.00): $1,367,111.31.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners for past unreimbursable
expenses: $200,000.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIE LOUISE and STEPHEN H. MORIARTY as Conservators of EILISE MORIARTY, ) ) ) ) | |
| Petitioners, ) ) | |
| v. ) ) | No. 03-2876V Special Master Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) ) | ECF |
| Respondent. ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner, Laura E. Fox, MSN, RN, CDDN, CNLCP, and petitioners engaged Nancy J. Bond, M.Ed., CCM, CLCP, to provide an estimation of Eilise Moriarty's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in Judge Wheeler's Review of Special Master's remand Decision Denying Relief, filed under seal February 10, 2017, and reissued February 27, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Eilise Moriarty, attached hereto as Tab A.[1] Respondent proffers that Eilise Moriarty should be awarded all items of

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Eilise Moriarty has suffered a loss of earnings in the past and will not be gainfully employed in the future. Therefore, respondent proffers that Eilise Moriarty should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for Eilise Moriarty's lost earnings is $1,032,153.27. Petitioners agree.

      C.      <u>Pain and Suffering</u>

Respondent proffers that Eilise Moriarty should be awarded $250,000.00 in actual pain and suffering. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to Eilise Moriarty's vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $200,000.00. Petitioners agree.

**II.**    **<u>Form of the Award</u>**

The parties recommend that the compensation provided to Eilise Moriarty should be made through a combination of lump sum payments and future annuity payments as described

below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A.  A lump sum payment of $1,367,111.31, representing compensation for lost earnings ($1,032,153.27), pain and suffering ($250,000.00), and life care expenses for Year One ($84,958.04), in the form of a check payable to petitioners as court-appointed guardian(s)/conservator(s) of Eilise Moriarty, for the benefit of Eilise Moriarty.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Eilise Moriarty's estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty upon submission of written documentation of such appointment to the Secretary.

    B.  A lump sum payment of $200,000.00, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

    C.  An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should Eilise Moriarty die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of Eilise Moriarty, only so long as Eilise Moriarty is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or   AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

      2.    <u>Life-Contingent Annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as Eilise Moriarty is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Eilise Moriarty's death.

      3.    <u>Guardianship/Conservatorship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Eilise Moriarty's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Eilise Moriarty upon submission of written documentation of such appointment to the Secretary.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump sum paid to petitioners as court-appointed guardian(s)/ conservator(s) of Eilise Moriarty's estate:    **$1,367,111.31**

    B.    Paid to petitioners:    **$ 200,000.00**

    C.    An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/S/Alexis B. Babcock*
ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-7678

Dated:  August 6, 2018