# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
MARIE LOUISE and STEPHEN H.        *
MORIARTY as Conservators of        *
EILISE MORIARTY,                   *
                                   *     No. 03-2876V
                 Petitioners,      *     Special Master Christian J. Moran
                                   *
v.                                 *     Filed: May 13, 2019
                                   *
SECRETARY OF HEALTH                *     Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
                 Respondent.       *
* * * * * * * * * * * * * * * * * * ** *
```

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioners;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 2, 2019, petitioners Marie Louise and Stephen H. Moriarty moved for final attorneys' fees and costs. They are awarded $184,438.43.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*      \*      \*

The extensive procedural history of this case has been documented on several occasions, both by the undersigned and judges of the Court of Federal Claims and the Federal Circuit Court of Appeals and thus will not be reproduced here except as relevant to the instant matter concerning a final award of attorneys' fees and costs. On February 10, 2017, the Court of Federal Claims found that the petitioners were entitled to compensation and remanded the matter to the undersigned for a determination of compensation. <u>See</u> 130 Fed. Cl. 573. After prolonged discussions, the parties submitted a proffer on August 6, 2018, which the undersigned adopted in the decision awarding damages on August 9, 2018.

Previously, on December 16, 2016, the undersigned issued a decision awarding interim attorneys' fees and costs. <u>Interim Fees Decision</u>, 2016 WL 7666538. At that time, to adjudicate petitioners' motion expeditiously, the undersigned compensated petitioners' counsel based upon rates set forth in <u>Ray v. Sec'y of Health & Human Servs.</u>, No. 04-184V, 2006 WL 1006587, at \*9-10 n.9 (Fed. Cl. Spec. Mstr. Mar. 30, 2006). The rates in <u>Ray</u> represented the minimum reasonable rate for the work of petitioners' counsel and with the express understanding that at the time petitioners submitted their final request for attorneys' fees, they could submit additional information, evidence, and argument concerning a reasonable rate of compensation for their counsel and recoup some of the difference between what they sought and what the undersigned ultimately awarded. <u>Interim Fees Decision</u>, 2016 WL 7666538, at \*4-5.

On January 2, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). As suggested in the Interim Fees Decision, petitioners have presented evidence supporting the hourly rates they propose. Petitioners' request for fees and costs can be broken into two parts. First, for time and expenses incurred since September 4, 2016, they request attorneys' fees of $106,238.75 and attorneys' costs of $26,883.28 for a total request of $133,122.03. Fees App. at 1. Second, for attorneys' fees before September 4, 2016, petitioners request an additional $60,199.95 as the difference between the amount petitioners were awarded in Interim Fees Decision and the amount that that they claim based upon a higher hourly rate. <u>Id.</u> In sum, petitioners' request for final attorneys' fees and costs is $193,321.98. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred in any costs in pursuit of this litigation. <u>Id.</u> at 2.

On January 28, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner

for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner's did not file a reply thereafter.

\* \* \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, nearly all the attorneys' work was done outside of the District of Columbia.

1. Reasonable Hourly Rates for Work Before September 4, 2016

Petitioners request $60,199.95 in attorneys' fees to make up the difference between the amount that the undersigned previously awarded petitioners when their motion for interim fees was granted and an amount at higher hourly rates. Previously, the undersigned had noted that consistent, reasonable rates of compensation for the work of Mr. Shoemaker and his associates had not been definitely established – among other issues, it was not clear whether their work was compensable at forum or local rates. See Moriarty, 2016 WL 7666538, at *3 n.3. Thus, the undersigned awarded a reasonable minimum amount of fees with the understanding that at the time final fees and costs were sought, petitioners would have the burden of establishing reasonable rates for all years in which work was performed by their attorneys. Id. at 5.

Petitioners now request the following rates of compensation for Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein:

|  | **2016** | **2015** | **2014** | **2013** |
|---|---|---|---|---|
| **Mr. Shoemaker** | $430 | $415 | $400 | $385 |
| **Ms. Gentry** | $415 | $400 | $375 | $280 |
| **Ms. Knickelbein** | $365 | $350 | $245 | $235 |
|  | **2012** | **2011** | **2010** | **2009** |
| **Mr. Shoemaker** | $348.70 | $336.58 | $336.58 | $336.58 |
| **Ms. Gentry** | $270 | $260 | $250 | $240 |
| **Ms. Knickelbein** | $225 | $215 | $205 | $195 |
|  | **2008** | **2007** | **2006** | **2005** |
| **Mr. Shoemaker** | $324.58 | $310 | $300 | $275 |
| **Ms. Gentry** | $230 | $215 | $200 | $185 |
| **Ms. Knickelbein** | $185 | $175 | $165 | $155 |
|  | **2004** | **2003** | **2002** | **2001** |
| **Mr. Shoemaker** | $250 | $250 | $250 | $250 |

| | | | | |
|---|---|---|---|---|
| **Ms. Gentry** | $175 | $175 | $175 | $175 |
| **Ms. Knickelbein** | $155 | $155 | $155 | $155 |

Fees App. Ex. 2 at 1. Petitioners note that the 2007 to Present rates were based on the 2015-2016 OSM Attorneys' Forum Hourly Rate Fee Schedule first established following the decision in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[2]  For rates from 2001 to 2006, petitioners have attached an agreement between Mr. Shoemaker's firm and Respondent's counsel from a previous case establishing the rates for Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein. Fees App. Ex. 2.

After the undersigned issued the interim fees decision, special masters have consistently awarded Mr. Shoemaker and his associates forum rates for their work. See, e.g. Miller v. Sec'y of Health & Human Servs., No. 13-914V, 2016 WL 2586700, at *7 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) (reasoned decision); Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2018 WL 3028975 (Fed. Cl. Spec. Mstr. May 25, 2018) (undersigned awarded Mr. Shoemaker and his associates forum rates). The rates requested for counsel from 2013 onward are consistent with what was awarded in Miller and in numerous other decisions considering their rates and will therefore be awarded here.

Establishing these rates has made the task of determining a reasonable rate for years further back easier.  Concerning rates from 2007 to 2013, it appears that petitioners took the established rates for their counsel and worked backwards using either Consumer Price Index ("CPI") or the Producer Price Index – Offices of Lawyers ("PPI-OL") as an inflation index.  Use of this method is reasonable in determining rates and has been used frequently by the undersigned in setting proper rates for compensation.  See De Souza v. Sec'y of Health & Human Servs., No. 17-100V, 2018 WL 4624249, at *2 (Fed. Cl. Spec. Mstr. Jul. 3, 2018), mot. for rev. granted in part and denied in part, 141 Fed. Cl. 338 (2018); Sweatt v. Sec'y of Health & Human Servs., No. 15-1222V, 2017 WL 2417770 (Fed. Cl. Spec. Mstr. May 12, 2017).  Based upon this measure, the requested rates for petitioners' counsel appear reasonable and will thus be awarded.

---

[2] The fee schedule can be found at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

Concerning rates from 2001-2006, petitioners have provided evidence of a rate schedule to which Mr. Shoemaker and Mr. Vincent Matanoski, then the Acting Deputy Director of the U.S. Department of Justice, Civil Division, agreed. Fees App. Ex. 2 at 2-3. The correspondence included rates for years 2001-2006 identical to what is sought in the instant motion. While this schedule does not match what Mr. Shoemaker and his associates have been paid in every Vaccine Program case they worked on in those years, the agreed-upon schedule establishes enough of a baseline.  It is likely that after the negotiation of these rates with the Department of Justice in one case, the agreement would establish rates in subsequent cases.

However, the undersigned will decline to provide further compensation at increased rates for the work performed by Ms. Knickelbein. While the requested rates are reasonable for an attorney with the number of years of legal experience that Ms. Knickelbein has, compensation at those rates is predicated on the performance of attorney work. As noted in the interim decision, however, Ms. Knickelbein's work in this case was work that a paralegal could perform. Interim Fees Decision, 2016 WL 7666538, at *3. Therefore, $155.00 per hour is a reasonable rate of compensation for this work.[3]

Accordingly, petitioners are entitled to an award of **$56,928.00[4]** as reimbursement for work not previously compensated in full by the previous decision awarding interim fees.

> 2. Reasonable Hourly Rates for Work Billed on the Instant Final Motion

 For work performed after petitioners filed the motion for interim attorneys' fees and costs, the following rates of compensation are requested: For Mr. Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, and $450.00 per hour for work performed in 2018; for Ms. Gentry, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, and $435.00 per hour for work performed in 2018; and

---

[3] Per the fee schedule for 2015-2016, the maximum rate for paralegals is $145.00 per hour and therefore would be expected to be less than $145.00 for preceding years. The undersigned finds that $155.00 per hour for Ms. Knickelbein's paralegal work is reasonable, however, because as a licensed attorney, it is likely that she would be able to review legal filings and explain legal concepts to petitioners more quickly and efficiently than a typical paralegal.

[4] Of the $60,199.95 originally sought, $3,271.95 is attributable to the work of Ms. Knickelbein. Fees App. Ex. 1 at 3.

for Ms. Knickelbein, $365.00 per hour for work performed in 2016, $378.00 per hour for work performed in 2017, and $391.00 per hour for work performed in 2018. Fees App. ex. 2 at 1.

These rates are appropriate for attorneys with the experience levels that Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein have, respectively. Accordingly, no adjustment of these rates is required.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Because the undersigned previously considered the reasonableness of hours billed from the start of the case until when the motion for interim fees was filed, the only hours to be examined are those starting on September 5, 2016. The undersigned will address the time billed by each attorney in turn.

Starting with Mr. Shoemaker, petitioner requests $24,950.00 in compensation for 57 hours of work performed on this case. Fees App. at 29. Previously, the undersigned reduced the number of hours by 10% because many of Mr. Shoemaker's billing entries were vague and offered an insufficient amount of information to assess the reasonableness of the activity. Interim Fees Decision, 2016 WL 7666538, at *6. Unfortunately, it does not appear that Mr. Shoemaker's billing entries have improved as the case has gone on, with most of the entries being short and lacking much information. The undersigned shall therefore reduce Mr. Shoemaker's hours by 15%, in part due to his failure to adhere to the undersigned's request for greater detail in making billing entries. This results in a reduction of $3,742.50.

Ms. Gentry's entries, on the other hand, are reasonable. For example, when describing her communications to other individuals, Ms. Gentry made sure to note the subject of the communication, making it easier to evaluate its reasonableness. The undersigned therefore will not make any deductions to Ms. Gentry's hours.

Finally, turning to the hours billed by Ms. Knickelbein, the undersigned finds them to be non-compensable. As was mentioned in the decision awarding interim fees, Ms. Knickelbein's role in this case was largely that of a paralegal, and the hours billed since that time are no different. Indeed, in the instant motion, Ms.

7

Knickelbein has only billed for review of documents such as orders issued by the Court.  While review of such documents would typically be compensable for the attorney litigating the case, the issue is that Ms. Knickelbein has only billed for review of orders, and the billing records indicate that Mr. Shoemaker also billed for review of those same orders. Because Ms. Knickelbein's only role in the case was to review filings, it is unclear why she needed to review those filings if she had no other role in this matter, especially when her associate was already reviewing the same filings.[5] Accordingly, the undersigned finds the work performed by Ms. Knickelbein in this matter to be duplicative of work performed by other attorneys and will not compensate petitioners for it. This results in a reduction of $1,869.10.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $26,883.28 in costs. This amount is largely comprised of work performed by petitioners' life care planner, but also includes work done by others concerning the guardianship and conservatorship process and for acquiring medical records. Fees App. at 27-29.

The undersigned has reviewed all of the submitted documentation for the costs, including the billing records prepared by the various experts, and finds all the costs to be reasonable and supported by adequate documentation.[6] Accordingly, petitioner is entitled to the full amount of costs sought.

---

[5] Other special masters who have reviewed recent fees applications submitted by Mr. Shoemaker's firm have noted the same issue and have also found Ms. Knickelbein's time to be non-compensable. Price v. Sec'y of Health & Human Servs., No. 11-442V, 2019 WL 1796100, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); Thompson v. Sec'y of Health & Human Servs., No. 12-475V, slip op. at 3 (Fed. Cl. Spec. Mstr. Apr. 9, 2019).

[6] Although the undersigned finds the overall amount billed by each expert to be reasonable in light of the work performed for this case, the undersigned is not assessing the reasonableness of any rate at which an expert billed. The undersigned reserves the right to reconsider the reasonableness of an expert's rate in future cases in light of the work performed for that case.

E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$184,438.43** (representing $56,928.00 in previously unawarded interim fees, $100,627.15 in attorneys' fees and $26,883.28 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. Clifford Shoemaker, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.